UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICHARD HART

VERSUS

MARCUS ALLEN

CIVIL ACTION

21-CV-699-SDD-RLB

**RULING**

Before the Court is the *Motion to Dismiss for Improper Service and Failure to State a Claim*[1] filed by Defendant, State of Louisiana ("the State"). Plaintiff Richard Hart ("Plaintiff") filed an *Opposition*.[2] The State filed a *Reply*,[3] to which Plaintiff filed a *Sur-reply*.[4] For the following reasons, the *Motion*[5] is denied.

**I.  BACKGROUND**

The following facts are undisputed. On July 13, 2021, Plaintiff filed a petition for damages against Captain Marcus Allen ("Allen") and Major Ray Johnson ("Johnson"), employees of the Louisiana Department of Public Safety and Corrections ("DOC"), as well as the State of Louisiana through the DOC, alleging that he suffered multiple injuries from tortious acts committed by Allen and Johnson. Plaintiff sought relief from Allen and Johnson in their individual capacities, pursuant to 42 U.S.C. § 1983, and from the State, pursuant to Louisiana Revised Statutes § 13:5106 and *respondeat superior*. His petition

---

[1] Rec. Doc. No. 16.
[2] Rec. Doc. No. 23.
[3] Rec. Doc. No. 24.
[4] Rec. Doc. No. 28.
[5] Rec. Doc. No. 16.

was filed in the 20th Judicial District Court in and for the State of Louisiana East Feliciana Parish.

At that time, he requested that service be made on the Attorney General, the DOC, and the Office of Risk Management ("ORM"). However, for "reasons unknown," the Clerk of Court did not issue citations to the Attorney General or the DOC. On November 3, 2021, the sheriff tendered service of process, however, without a citation, on ORM.

The action was removed by the State on December 3, 2021.[6] Plaintiff contends that, soon after removal, he discovered that service had not been made on the Attorney General and ORM.[7] On February 16, 2022, Plaintiff sent separate waivers of service to the Attorney General to sign on behalf of the State, the DOC, and the ORM.[8] However, the Attorney General provided no response and/or declined to waive service.[9] On April 8, 2022, more than 90 days after removal, a summons was served on the Attorney General and filed into the record the same day.[10]

The State now urges dismissal under Rule 12(b)(5)[11] for insufficient service of process and 12(b)(6) for failure to state a claim. The Court addresses these arguments in turn.

---

[6] Rec. Doc. No. 1.
[7] Rec. Doc. No. 23, p. 3.
[8] Rec. Doc. No. 23-3. Plaintiff also requested that service be waived on Allen and Johnson. On March 3, 2022, Allen and Johnson entered waivers of service. Rec. Doc. No. 11 & 12.
[9] Rec. Doc. No. 23-4.
[10] Rec. Doc. No. 15.
[11] Although Defendant styles his motion as a motion pursuant to Rule 12(b)(4), which governs insufficient process, it appears that he is in fact challenging *service* of process under Rule 12(b)(5). *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedures* § 1353 (3d ed.) ("An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service . . . A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint.") (citations omitted). Therefore, the Court analyzes Plaintiff's motion pursuant to Rule 12(b)(5).

## II.  LAW AND ANALYSIS

### A. <u>Motion to Dismiss for Improper Service</u>

Rule 12(b)(5) permits a challenge to the plaintiff's method of service or the lack of delivery of the summons and complaint.[12] When service of process is challenged, "the serving party bears the burden of proving its validity or good cause for failure to effect timely service."[13]

In removal cases, service may be effected before or after removal. The district court "must look to state law to ascertain whether service was properly made prior to removal, [although] this does not foreclose service being effected in the district court."[14] If service has been not been effected or was defective before removal to the district court, "service may be completed, or new process issued in the same manner as in cases originally filed in such district court."[15]

Here, it is undisputed that service was not effected on the State before removal. Plaintiff avers that on July 13, 2021, he filed a request for service on the State, the ORM, and the DOC, in the 20th Judicial District Court.[16] However, he concedes that "for reasons unknown," the Clerk of Court did not issue a citation to the Attorney General or the DOC.[17] Only service on the ORM was effectuated prior to the removal of this action.[18]

Accordingly, the Court must determine whether Plaintiff subsequently completed process "in the same manner" as in cases originally filed in this Court."[19] Federal Rule of

---

[12] Fed. R. Civ. P. 12(b)(5); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013).
[13] *Sys. Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam) (citations omitted).
[14] *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 462 F.2d 1046, 1052 (5th Cir. 1972).
[15] 28 U.S.C. § 1448.
[16] Rec. Doc. No. 23, p. 1.
[17] *Id.* at 2.
[18] Rec. Doc. No. 16-2.
[19] *See* 28 U.S.C. § 1448.

Procedure 4 governs service of the summons and complaint. Under Rule 4(j)(2), a plaintiff that sues a state or state agency must effectuate service of process on the defendant by (A) "delivering a copy of the summons and of the complaint to its chief executive officer" or (B) "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." As is clear, Rule 4(j)(2) is disjunctive and allows service under either method. Additionally, in removal cases, Rule 4(m) requires that each named defendant be served within 90 days of removal to federal court.[20]

Here, there is no indication that Plaintiff effected service under option A. The Chief Executive Officer of Louisiana is the Governor.[21] Plaintiff has made no representation that he served or attempted to serve Governor John Bel Edwards.

Accordingly, Plaintiff must show, under option B, that he served the State of Louisiana in accordance with State Law.[22] The general procedure for service on the State of Louisiana is found at La. R.S. 13:5107(A)(1), which provides that service and citation on the State of Louisiana or a state agency may be obtained by citation and service on, *inter alia*, the attorney general of Louisiana.[23] Further, La. R.S. 39:1538(D) provides that, when the state or a state agency is named as a defendant in a suit for monetary damages, "process must be served on the head of the department concerned as well as the Office of Risk Management and the Attorney General."[24] Thus, Plaintiff was required to serve

---

[20] Rule 4(m) applies equally to removal actions if no service was perfected prior to removal. *See, e.g., Rojas v. Carrington Mortg. Servs., LLC*, No. 7:20-cv-409, 2021 WL 1092303, at *1–2 (S.D. Tex. Mar. 22, 2021) (dismissing the lawsuit under Rule 4(m) because the plaintiffs failed to serve the defendants prior to or after removal).
[21] *See Terrebonne Par. NAACP v. Jindal*, No. 14-069, 154 F. Supp. 3d 354, 360 (M.D. La. Dec. 8, 2015); *Amir El v. Louisiana State*, No. 16-2125, 2016 WL 6563403 (E.D. La., Nov. 4, 2016).
[22] Fed. R. Civ. P. 4(j)(2)(B).
[23] Service of citation on only the attorney general is sufficient for purposes of R.S. 13:5107(A)(1). *Burnett v. James Construction Group,* 10–2608 (La.7/1/11), 66 So.3d 482, 482.
[24] *Cordova v. LSU Agric. & Mech. Coll. Bd. of Supervisors*, 2019 WL 5493355, at *4 (W.D. La. Oct. 24, 2019). *See also Whitley v. State ex rel. Bd. of Sup'rs of Louisiana State Univ. Agr. Mech. College*, 66 So.

process and citation on the Attorney General, the ORM, and the department concerned—in this case, the DOC.[25]

Here, Plaintiff concedes that citation was never served on the ORM or the DOC. Plaintiff maintains that he attempted to serve the DOC with a citation, but the Clerk of this Court would not issue the citation because the DOC is not a named defendant. Plaintiff also believed, incorrectly, that Louisiana law did not require service of citation on the ORM.[26] Accordingly, the Court finds that service did not comply with La. R.S. 39:1538 (and consequently, Rule 4(j)(2)(B)) and that proper service on the state has not been made.

Now the Court must decide whether dismissal is appropriate. The ORM and the DOC are not named defendants and, thus, do not invoke dismissal under Rule 4(m).[27] Further, although Plaintiff failed to comply with La. R.S. 39:1538, that statute "does not mandate that service of citation be requested within 90 days of filing the petition or that the failure to do so warrants the dismissal of the action."[28] Indeed, the Louisiana Supreme Court has held that La. R.S. 39:1538 does not provide for the sanction of dismissal and any insufficiency under La. R.S. 39:1538 "can be cured by subsequent service on those

---

3d 470, 480 (La. 2011) (a plaintiff is "at a minimum, required to serve the head of the department concerned, the office of risk management, and the attorney general).

[25] Plaintiff argues that § 39:1538(4) does not require service of citation on the entities listed therein and that *Whitley*, 66 So.3d 470 supports this proposition. However, in *Mitchell v. Starks*, 2021 WL 895801, (M.D. La. 2021) this Court expressly rejected such an argument. Writing for the Court, Judge Johnson stated that "§ 39:5138 means service of both the citation and Petition, as is typical in state court" and disagreed that *Whitley* eliminated the duty to file a citation. *Id.* at *2. As Judge Johnson observed: the *Whitley* Court upheld the need for citation in noting that the "'objection regarding service of citation under LSA–R.S. 39:1538(4) . . . was cured by Whitley's subsequent service of *citation* on the AG and ORM.'" *Id.* at *2 n.2. (quoting 66 So.3d at 381. Seeing no reason to deviate from this reasoning, the Court maintains that § 39:1538(D) requires service of process *and citation* on the AG, the ORM, and the department head.

[26] *See supra*, note 25.

[27] Rule 4(m) only applies to named defendants. *See Aguirre v. ISC Constructors, LLC*, 70 F. Supp. 3d 766, 777 (E.D. Tex. 2014).

[28] *Whitley*, 66 So.3d at 480.

entities/persons not previously served."[29] Thus, the Court will give Plaintiff the opportunity to comply with La. R.S. 39:1538.

Still pushing for dismissal, the State argues that Plaintiff failed to serve the State through the Attorney General within 90 days of removal and dismissal is therefore appropriate under Rule 4(m). Plaintiff concedes that service on the Attorney General was not had until April 8, 2022, roughly a month after the 90-day deadline.[30]

Rule 4(m) provides that "if a defendant is not served within 90 days after the complaint filed" or the case is removed,[31] the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Fifth Circuit has held that district courts have broad discretion in determining whether improper service of process should result in dismissal.[32] Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service.[33]

The Court chooses to exercise that discretion here. Specifically, the Court finds that the State has had actual notice of this lawsuit since removing this action and has not been prejudiced by the one-month delay in service. Additionally, the record shows that Plaintiff has proactively sought to serve the State without any periods of significant inaction. Indeed, within 90 days of removal, Plaintiff timely requested that the State waive service.[34]

---

[29] *Id.* at 482.
[30] Rec. Doc. No. 23, p. 8.
[31] When a case is removed, Rule 4(m)'s deadline runs from the date of removal. *Hunt v. Smith*, 67 F.Supp.2d 675, 684 (E.D. Tex. 1999).
[32] *Julien v. St. John Baptist Parish School System*, 2022 WL 2528234, at *3 (E.D. La. 2022) (citing *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986)).
[33] *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008).
[34] Rec. Doc. No. 23-3.

Louisiana law provides that the State, through the Attorney General, has the authority to waive service on behalf of itself or a state department.[35] After removal to this Court, Plaintiff sent the Attorney General separate waivers of service to sign on behalf of the State, the ORM, the DOC, and DOC employees Allen and Johnson.[36] The Attorney General provided the following response:[37]

> From: Wick, Garret
> Sent: Wednesday, February 23, 2022 10:06 AM
> To: 'Donna Grodner' <dgrodner@grodnerlaw.com>
> Cc: Whitehead, Briona <WhiteheadB@ag.louisiana.gov>
> Subject: RE: Richard Hart
>
> Donna,
>
> I am in the process of getting in touch with Mr. Allen and Mr. Johnson to ask if they will waive service. After talking with them I will let you know whether or not they will be willing to waive service.
>
> However, as far as DOC goes I don't have the authority to waive services for them. Under rule 4, DOC doesn't fall into the category of individuals/entities that the waiver of service section discusses. That section talks about individuals/entities under sections (e), (f), and (h). DOC falls into category (j). I know your position is that DOC waived services. However, the case law I found suggests that there has been no waiver of service on DOC's part. See, *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409, 49 S.Ct. 360, 73 L.Ed. 762 (1929) (holding that a defendant does not waive objections to service of process or personal jurisdiction by removing a state court action to federal court); see also, *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 214 (5th Cir.2005).
>
> So we will still need service on DOC. I will hopefully have answer to you by early next week on whether I can get authority to waive service for Mr. Allen and Mr. Johnson. Thanks for your time.
>
> Sincerely,
>
> Garret Wick

This response is perplexing. As is clear, the Attorney General only addressed waiver of service on the DOC and the DOC employees. He did not address whether he would waive service on behalf of the State or the ORM, even though, once again, Plaintiff

---

[35] *See* La. R.S. 13:5107(D)(1). Moreover, La. C.C.P. art. 1201(B) provides "[t]he defendant may expressly waive citation and service thereof by any written waiver made part of the record."
[36] Rec. Doc. No. 23-3.
[37] Rec. Doc. No. 23-4.

7

requested that service on those entities be waived. At present, there is no indication that the State ever responded to those requests.

Further, the Attorney General incorrectly disclaimed "authority" to waive service on behalf of the DOC. It is true, as the Attorney General acknowledged, that the DOC is not an individual, corporation, or association that must waive service under Rule 4(d).[38] However, the Court discerns nothing in the Federal Rules of Civil Procedure that *prohibits* a state or state organization from freely choosing to waive service when in federal court.[39] If there is any doubt in this regard, the State's ability to waive service in Louisiana courts is brought into the federal courthouse through Rule 4(j)(2)(B), which again, provides for service in accordance with state law.[40] Waiver of service by the Attorney General on behalf of the State would constitute sufficient service on the State under Rule 4(j)(2)(B).

Ultimately, district courts have the discretionary power to extend the time for service.[41] Here, the Court sees no reason to impose the sanction of dismissal on Plaintiff, who time and again, has demonstrated a good-faith effort to make service on the State. Plaintiff initially requested that service be made on the Attorney General, the Department of Corrections, and the Office of Risk Management, in the 20th Judicial District Court. However, for "reasons unknown," the Clerk of Court did not serve the Attorney General or the DOC (and made service of process, without a citation, to the ORM). By the time Plaintiff discovered this error, the case had already been removed to federal court. Then,

---

[38] "The plain language of Rule 4(d) does not apply to Rule 4(j)." *Judeh v. Louisiana State Univ. Sys.*, No. 12-1758, 2013 WL 654921, at *2 (E.D. La. Feb. 20, 2013).
[39] "[T]he waiver-of-service procedure of subdivision (d) of Rule 4 is not applicable to any of the defendants enumerated in subdivision (j), but there is nothing to prevent the plaintiff from asking the defendant to accept service without a fuss." *Woods v. State, Department of Health and Hospitals,* 2008–0257 (La.App. 1st Cir.6/6/08), 992 So.2d 1050, 1057, *writ denied,* 2008–2426 (La.12/19/08), 996 So.2d 1133 (emphasis removed) (quoting Rule 4, 28 U.S.C.A., Practice Commentary C4–28).
[40] *See* La. R.S. 13:5107(D)(1).
[41] *Millan*, 546 F.3d. at 325.

8

within 90 days of removal, Plaintiff attempted to serve the State under Rule 4(j)(2)(B) by sending separate waivers of service to the State, the DOC, and the ORM. However, the Attorney General ignored the waiver requests on the State and the ORM and improperly disclaimed "authority" to waive service on the DOC. Two months later, the State filed the instant *Motion* asking this Court to dismiss Plaintiff's claims for insufficient service of process. The Court will decline the invitation.

The Court retroactively extends the Rule 4(m) deadline to the date of actual service on the Attorney General, such that service on the Attorney General was timely. Plaintiff will have 45 days from the date of this order to perfect service of citation on the ORM and the DOC. Alternatively, within 45 days, Plaintiff may simply choose to serve Governor John Bel Edwards in accordance with Rule 4(j)(2)(A).[42]

### B. Motion to Dismiss for Failure to State a Claim

In its initial brief, the State sought dismissal under Rule 12(b)(6), believing that Plaintiff's claim against the State was based on § 1983. However, the State has abandoned this argument after Plaintiff clarified that his claim against the State was based purely on *respondeat superior*. Accordingly, the 12(b)(6) motion is denied.

### III. CONCLUSION

For the foregoing reasons, Defendant's *Motion to Dismiss for Improper Service and Failure to State a Claim*[43] is hereby DENIED. It is ORDERED that Plaintiff has 45 days from the date of this order to perfect service in accordance with Rule 4(j)(2). The

---

[42] Post-removal, a plaintiff only needs to comply with § 39:1538 *if* they opt to serve the state or state agency in accordance with state law pursuant to Rule 4(j)(2)(B) of the Federal Rules of Civil Procedure. *Johnson v. City of Monroe*, 2022 WL 2382714, at *5 (W.D. La. 2022). Otherwise, he "simply may *re-serve* the state and/or its agency by delivering a copy of the summons and the complaint/petition to that entity's chief executive officer as provided by Rule 4(j)(2)(A), in accordance with Rules 4(a)-(c). *Id.*
[43] Rec. Doc. No. 16.

9

Court strongly encourages the Attorney General to waive service commensurate the "duty to avoid unnecessary expense" under FRCP 4(d)(1).

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>November 18, 2022</u>.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**