UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICHARD HART

VERSUS

MARCUS ALLEN

CIVIL ACTION

21-CV-699-SDD-RLB

## RULING

Before the Court is the Defendants' *Daubert Motion* or in the alternative *Motion in Limine* pertaining to the proposed testimony by Dr. Scott Alexander Barnett ("Dr. Barnett").[1] The Motion is opposed.[2] For the following reasons, the *Motion* is DENIED without prejudice to urging objections at trial.

Dr. Barnett is the Plaintiff's treating physician. Plaintiff submits that "Dr. Alexander Barnett was not listed as an expert and not specifically retained in this case to develop expert opinions."[3] Dr. Barnett is a UMCNO[4] physician who treated the Plaintiff for knee injuries, allegedly sustained as a result of the incident made the subject of this lawsuit. Non-retained experts such as treating physicians are not required to comply with the report disclosure requirement of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. The purpose of the Rule 26 requirement that the parties produce and exchange expert reports is to eliminate unfair surprise to the opposing party and to conserve resources. Dr. Barnett was a treating physician, and he did not produce an expert report.

---

[1] Rec. Doc. 56.
[2] Rec. Doc. 58.
[3] Rec. Doc. 58.
[4] University Medical Center - New Orleans.

1

Defendants conflate the Rule 26 expert report disclosure requirements with the Federal Rules of Evidence regarding the admissibility of opinion testimony.[5] The synthesis of the Defendants' argument is that if the expert did not prepare a report, he/she should be considered an ordinary fact witness and not an expert. The cases cited by Defendants are easily distinguished.[6]

In *Young v. U.S*,[7] through a Motion to Compel, the plaintiff sought to elicit opinion testimony from a treating physician about a condition which was not considered in reaching the diagnosis. In other words, the opinions sought to be elicited from the treating physician were beyond the scope of the physician's examination, treatment, and diagnosis. In reaching its conclusion, the court succinctly explained:

> Unless he has also been specifically retained as an expert, a treating physician's testimony is based on the physician's personal knowledge of the examination, diagnosis and treatment of a patient. *Baker,* 163 F.R.D. at 349. Nevertheless, a treating physician, even though he has not, through additional investigation, qualified himself as an "expert" for the purposes of litigation, may still be asked questions which implicate his expertise. *Id.* For example, he can be asked about the degree of injury in the future, or about anything else that was a necessary part of the patient's treatment. *Id.* He cannot, however, be asked to answer questions about medical issues not involved in his diagnosis and treatment. *Id.*[8]

The *Mangla*[9] case cited by Defendants arose in the context of a treating physician's Motion to Quash a subpoena for his appearance. The court cited the well-settled law that:

> Treating physicians, however, testifying to their personal consultation with a patient are not considered expert witnesses pursuant to Fed.R.Civ.P. 26(b)(4)(C). *Baker v. Taco Bell Corp*., 163 F.R.D. 348 (D.Colo.1995)

---

[5] Federal Rules of Evidence 701 and 702.
[6] At footnote 2 of their Memorandum in Support of the Motion (Rec. Doc. 56-1), Defendants cite to *Young v. United States*, 181 F.R.D. 344, 346 (W.D. Tex. 1997)(citing *Salas v. United States,* 165 F.R.D. 31, 33 (W.D.N.Y.1995); *Mangla v. University of Rochester,* 168 F.R.D. 137 (W.D.N.Y.1996); *Baker v. Taco Bell Corp.,* 163 F.R.D. 348 (D.Colo.1995)).
[7] 181 F.R.D. 344 (W.D.Tex.,1997).
[8] *Id.* at 346–47.
[9] *Mangla v. University of Rochester,* 168 F.R.D. 137 (W.D.N.Y.1996)

(holding that two doctors who treated an accident victim were ordinary witnesses testifying as to their personal treatment of the patient). *See also Salas v. United States*, 165 F.R.D. 31 (W.D.N.Y.1995) (holding that five doctors called to testify regarding their treatment and "opinions with respect to the injuries or illnesses sustained as they causally relate to this incident and his/her opinion as to permanency" were not subject to the more extensive expert witness requirements of Fed.R.Civ.P. 26(a)(2)(B)). Experts are retained for purposes of trial and their opinions are based on knowledge acquired or developed in anticipation of litigation or for trial. A treating physician's testimony, however, is based on the physicians personal knowledge of the examination, diagnosis and treatment of a patient and not from information acquired from outside sources. *Baker,* 163 F.R.D. at 349. Moreover, as the court observed in *Baker*, merely because treating physicians may be asked at a deposition to offer opinions based on their examination of a patient, "does not mean that treating physicians do not have an opinion as to the cause of an injury based upon their examination of the patient or to the degree of injury in the future. These opinions are a necessary part of the treatment of the patient. Such opinions do not make the treating physicians experts". *Id.* at 349.[10]

Defendants' attempt to use Rule 26 to create a distinction between opinion testimony under FRE 701 and 702 is misguided. FRE 701 addresses opinion testimony by a lay witness. A physician called to testify about diagnosis, treatment, and prognosis is decidedly not testifying as a lay witness under FRE 701, and the fact that a party is ordinarily[11] not required to produce an expert report of a treating physician pursuant to Fed. Rule Civ. Proc. 26 does not render the treating physician a lay witness. A treating physician, such as Dr. Barnett, is called upon to give medical opinion testimony. The physician must still be qualified by "knowledge, skill, experience, training, or education to testify in the form of an opinion."[12]  The rule requiring the production of an expert report

---

[10] *Id*. at 139.

[11] The Court is not expressing an opinion on whether a treating physician who offers expert opinions *formed outside of the course of providing treatment* must produce a report pursuant to FRCP Rule 26(a)(2)(B).

[12] *See Collett v. Weyerhaeuser Company*, 512 F.Supp.3d 665, 672 (E.D.La. 2021)("Regardless of whether a doctor is proffered as a retained expert under 26(a)(2)(B) or as a non-retained expert such as a treating physician, each must meet the standards of Federal Rule 702 and *Daubert*."); s*ee Tajonera, et al. v. Black Elk Energy Offshore Operations, LLC, et al.*, No. 13-0366, 2016 WL 3180776 at *7 (E.D. La. June 7, 2016) ("Treating physicians are no different than any other expert for purposes of Rule 702; before proffering expert testimony, they must withstand *Daubert* scrutiny like everyone else.")(quoting *Higgins v. Koch Dev.*

is dispensed with in the case of a treating physician's opinions that arise from his/her diagnosis and treatment.

The Defendants do not argue that the Plaintiff failed to comply with Fed.R.Civ.P. 26(a)(2), which requires (1) "a statement of the subject matter to which the witness is expected to present evidence under Federal Rules of Evidence 702, 703, or 705," and (2) "a summary of the facts and opinions to which the witness is expected to testify." In short, the Defendants do not complain of unfair surprise or that the Plaintiff failed to make the required 26(a)(2)(C) disclosures. Rather, Defendant makes a considerable jump, arguing that where no report is produced by a treating physician under Fed.R.Civ.P. 26(a)(2)(B), the physician is limited to fact testimony.

The Comments to the 2010 amendments make it plain that this is not the case:

> A witness who is not required to provide a report under Rule 26(a)(2)(B) *may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705.* Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.(emphasis added).[13]

---

*Corp.*, 794 F.3d 697, 704 (7th Cir. 2015)); *see also Seymore v. Penn Mar. Inc.*, 281 Fed. Appx. 300, 301 (5th Cir. 2008); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244-245 (5th Cir. 2002). The threshold 702/*Daubert* inquiry is whether the expert is qualified to offer relevant and reliable expert testimony on the particular matter at issue. *Wagoner v. Exxon Mobil Corp.*, 813 F. Supp 2d 771, 798 (E.D. La. 2011). Ultimately, a party seeking to introduce expert testimony must show that the witness is qualified by education, training, or experience to give relevant and reliable testimony and that (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Federal Rules of Evidence, Rule 702; *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007).

[13] Federal Rule of Civil Procedure 26, Official Comments.

Accordingly, Dr. Barnett will be permitted to give opinion testimony, within his field of discipline, regarding his diagnosis and treatment of the Plaintiff. Defendants' *Daubert Motion or in the alternative Motion in Limine* is DENIED.[14]

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this __19th__ day of ____December____, 2023.

*Shelly D. Dick*
_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[14] Rec. Doc. 56.